PEDRO GOMEZ
K37471  C4-224
P.O. BOX 7500
CRESCENT CITY,
    CA 95532
IN PRO-PER


FILED
08 JUL 14 PM 1:16
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEDRO GOMEZ
       PLAINTIFF,

VS.

MERLE SOGGE, M.D. et al.

       DEFENDANTS,

CASE NO: CV-08-2969 MMC(PR)

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COUNSEL, WITH MEMORANDUM OF LAW IN SUPPORT.

MOTION FOR APPOINTMENT OF COUNSEL

PERSUANT TO 28 U.S.C. §1915, PLAINTIFF PEDRO GOMEZ, REQUESTS' THIS COURT FOR AN APPOINTMENT OF COUNSEL TO REPRESENT HIM IN THIS CASE. IN SUPPORT OF THIS REQUEST, PLAINTIFF STATES THE FOLLOWING:

1. PLAINTIFF CANNOT AFFORD TO HIRE A LAWYER. HE HAS REQUESTED LEAVE TO PROCEED IN FORMA PAUPERIS IN THIS CASE.
2. THE COMPLAINT IN THIS CASE INVOLVES BOTH, FEDERAL AND STATE LAW CLAIMS, AND ALLEGES THAT PLAINTIFF WAS SUBJECTED TO MEDICAL MALPRACTICE, DELIBERATE INDIFFERENCE, EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT.

3. PLAINTIFF'S IMPRISONMENT IN (SEGREGATED HOUSING UNIT) (SHU), WILL GREATLY LIMIT HIS ABILITY TO LITIGATE THIS CASE. THIS CASE WILL INVOLVE SUBSTANTIAL INVESTIGATION AND DISCOVERY. ALSO, PLAINTIFF HAS NO ABILITY TO COMMUNICATE WITH POTENTIAL WITNESSES OR RECEIVE AFFIDAVITS FROM THEM.

4. THE ISSUES IN THIS CASE ARE EXTREMELY COMPLEX AND REQUIRES EXTENSIVE DISCOVERY, AN EXPERT'S TESTIMONY, AND LEGAL EXPERTISE AT TRIAL. A LAWYER WOULD HELP PLAINTIFF TO APPLY THE LAW PROPERLY IN BRIEFS AND BEFORE THE COURT. PLAINTIFF HAS NEVER BEFORE BEEN A PARTY TO A CIVIL LEGAL PROCEEDING.

5. PLAINTIFF DEMANDED A JURY TRIAL, AND A TRIAL IN THIS CASE WILL INVOLVE CONFLICTIVE TESTIMONY, AND THE CREDIBILITY OF THE WITNESSES WILL BE AN ISSUE FOR THE JURY TO DECIDE. A LAWYER WOULD ASSIST PLAINTIFF IN THE PRESENTATION OF EVIDENCE AND THE CROSS-EXAMINATION OF OPPOSING WITNESSES.

6. PLAINTIFF HAS A 9TH GRADE EDUCATION, AND HAS NO LEGAL EDUCATION AT ALL.

7. PLAINTIFF'S CASE WILL REQUIRE A MEDICAL EXPERTS' TESTIMONY, WHICH IS CRUCIAL TO HIS MALPRACTICE CLAIMS, AND HIS CLAIMS WILL NOT SURVIVE SUMMARY JUDGMENT WITHOUT AN EXPERTS' TESTIMONY.

8. PLAINTIFF HAS MADE EFFORTS TO OBTAIN A LAWYER. ATTACHED ARE TWO LETTER'S OF LAWYERS RESPONDING TO PLAINTIFF'S REQUEST FOR REPRESENTATION.

9. AS SET FORTH IN THE MEMORANDUM OF LAW SUBMITTED

1  WITH THIS MOTION, THOSE FACTS ALONG WITH THE LEGAL
2  MERIT OF THE PLAINTIFFS CLAIMS, SUPPORT THE FUNDA-
3  MENTAL NECESSITY OF AN APPOINTMENT OF COUNSEL TO
4  REPRESENT HIM IN THIS CASE.
5
6  WHEREFORE, PLAINTIFF REQUEST THAT THIS MOTION BE
7  GRANTED, AND THAT THE COURT APPOINT COUNSEL TO
8  REPRESENT HIM IN THIS CASE.
9
10 I DECLARE UNDER PENALTY OF PERJURY THAT THE FORE-
11 GOING IS TRUE AND CORRECT.
12
13
14 RESPECTFULLY SUBMITTED, THIS 1st DAY OF JULY, 2008

BY:
*Pedro Gomez*

PEDRO GOMEZ
K37471  C4-224
P.O. BOX 7500
CRESCENT CITY,
CA 95532

3. OF 10.

PEDRO GOMEZ
K37471  C4-224
P.O. BOX 7500
CRESCENT CITY,
    CA 95532
  IN PRO-PER

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEDRO GOMEZ
    PLAINTIFF,

VS.

MERLE SOGGE, M.D. et al,

CASE NO: CV-08-2969-MMC-(PR)

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS MOTION FOR APPOINTMENT OF COUNSEL.

## ARGUMENT
## I.

THE COURT SHOULD APPOINT COUNSEL FOR PLAINTIFF.

IN DECIDING WHETHER TO APPOINT COUNSEL FOR AN INDIGENT LITIGANT, THE COURT SHOULD CONSIDER "THE FACTUAL COMPLEXITY OF THE CASE," THE ABILITY OF THE INDIGENT LITIGANT TO INVESTIGATE THE FACTS, THE EXISTENCE OF CONFLICTING

1. TESTIMONY, THE ABILITY OF THE LITIGANT TO PRESENT HIS
2. CLAIMS, AND THE COMPLEXITY OF THE LEGAL ISSUES.
3. [ABDULLAH V. GUNTER 949 F.2d 1032, 1135 (8TH CIR 1991)] SEE,
4. ALSO [TERREL V. BREWER 935 F. 201 1015 (9TH CIR 1991).]
5.     IN ADDITION, COURTS HAVE SUGGESTED THAT THE MOST IMPORT-
6. ANT FACTOR IS WHETHER THE CASE APPEARS TO HAVE MERIT. SEE,
7. [COOPER V. SARGENTI, CO. 877 F.2d 170, 173 (2ND CIR 1989)]:
8. EACH OF THESE FACTORS WEIGHS IN FAVOR OF APPOINTING COUNSEL
9. IN THIS CASE.
10.    (1) THE PLAINTIFF'S ABILITY TO INVESTIGATE HIS CLAIMS: THE
11. PLAINTIFF IS LOCKED UP IN PELICAN BAY SECURITY HOUSING UNIT (SHU),
12. AND HAS NO ABILITY TO INVESTIGATE THE FACTS OF HIS CASE AND
13. COMMUNICATE WITH POTENTIAL WITNESSES. FOR EXAMPLE, PLAINTIFF
14. HAS NO ABILITY TO INTERVIEW POTENTIAL WITNESSES, DEFENDANTS, AND/
15. OR CONDUCT DEPOSITIONS BECAUSE HE IS IN THE S.H.U., AND
16. IS AN INDIGENT LITIGANT WHO HAS NO ACCESS TO THESE DIS-
17. COVERY TOOLS.
18.    (2) PLAINTIFF HAS NO ACCESS TO EXPERT WITNESSES: PLAIN-
19. TIFF HAS NO COUNSEL, THEREFORE, HE HAS NO ACCESS TO CRUCIAL
20. EXPERT WITNESSES, WHICH IS ESSENTIAL TO HIS MEDICAL MAL-
21. PRACTICE CLAIMS, TO PROVE THE STANDARD OF CARE APPLICABLE
22. IN A MEDICAL MALPRACTICE CASE. SEE [FLEMING V. LE FEVERE
23. 423 F. SUPP 2d 1064 (C.D. CAL 2006)] CITING, JACKSON V.
24. MCINTOSH 90 F.3d 330, 332 (9TH CIR 1995)]; SEE ALSO
25. [WILLARD V. HAGEMESTER 121 CAL APP 3d 406 (CAL. APP. 2ND
26. DIST 1981)]
27.    WITHOUT THIS EXTREMELY CRUCIAL EXPERT TESTIMONY TO
28. REBUT THE DECLARATIONS OF THE DEFENDANT'S EXPERT

WITNESSES, PLAINTIFFS CASE WILL BE DEFEATED AND NOT MAKE IT PAST THE SUMMARY JUDGMENT STAGE, AND HIS CLAIMS OF MEDICAL MALPRACTICE WILL BE DISMISSED. SEE [HUTCHINSON V. U.S. 838 F. 2d 390 (9TH CIR 1988)]; ALSO [MORAN V. SELIG 447 F.3d 748 (9TH CIR CAL 2006)]; [UNDER CAL. LAW, FORMER CORRECTIONAL CENTER INMATES CONCLUSORY ALLEGATIONS IN OPPOSING MOTION FOR SUMMARY JUDGMENT, THAT CENTER MEDICAL PERSONNEL WERE NEGLIGENT IN DIAGNOSING AND TREATING HER, WAS INSUFFICIENT TO REBUT DECLARATIONS OF AN EXPERT WITNESSES.]

THUS, IT IS ABSOLUTELY CRUCIAL THAT PLAINTIFF BE APPOINTED COUNSEL FOR THE MERE FACT THAT HIS CLAIMS <u>WILL NOT</u> SURVIVE SUMMARY JUDGMENT <u>WITHOUT</u> EXPERT MEDICAL TESTIMONY.

(3.) <u>CONFLICTING TESTIMONY</u>: THE PLAINTIFFS ALLEGATIONS OF MEDICAL MALPRACTICE, DELIBERATE INDIFFERENCE, FAILURE TO SUMMON MEDICAL CARE, AND EXCESSIVE FORCE; WILL SQUARELY BE IN CONFLICT WITH THE STATEMENTS OF THE DEFENDANTS AND THEIR WITNESSES. THIS ASPECT OF THE CASE WILL BE A CREDIBILITY CONTEST WITH THE DEFENDANT'S AND THE PLAINTIFF. THE EXISTENCE OF THESE CREDIBILITY ISSUES SUPPORTS THE APPOINTMENT OF COUNSEL. SEE [GATSON V. COUGHLIN 679 F. SUPP. 270, 273 (W.D. N.Y. 1988)]

(4) <u>THE ABILITY OF THE INDIGENT LITIGANT TO PRESENT HIS CLAIM</u>: THE PLAINTIFF IS AN INDIGENT INMATE WITH <u>NO</u> LEGAL TRAINING, AND ONLY A JR. HIGH SCHOOL EDUCATION. HE WILL NOT BE ABLE TO PRESENT HIS CLAIM

adequately because he is in the (SHU) security housing unit, and will not be able to properly interview witnesses, and obtain crucial discovery. These are all factors that support the appointment of counsel. SEE, [WHISENAUGHT V. YUAM 739 F.2d 160, 163 (8th Cir 1992).]

(5) MERIT OF THE CASE: The Plaintiff's allegations of medical malpractice, deliberate indifference, failure to summon medical care, and excessive force, if proven at trial, would clearly establish a constitutional and state law violation. The defendants' deliberate indifference to plaintiffs serious medical needs, and the unjustified beating on plaintiff by defendants, clearly state 8th amendment violations. SEE, [ORTIZ VS. CITY OF IMPERIAL 884 F.2d 1312 (9th Cir 1989)]; and HUDSON VS. McMILLAN — U.S. — 112 S. Ct. 995, 100 (1992)]; See also, WILBORN VS. ESCALDERON 789 F.2d 1328, 1331 (9th Cir 1986).]

(6) THE COMPLEXITY OF THE ISSUES: Plaintiff's claims are extremely complex, because they involve BOTH state and federal law violations. Specially and specifically dealing with medical malpractice, deliberate indifference, and excessive force. Plaintiff will not be able to prosecute these claims by himself without the assistance of counsel, because there will be many complex issues dealing with medical knowledge and the issues dealing with the standard of care in medical malpractice cases, and these complex issues are beyond the knowledge of the common lay person. SEE,

1  [WILLARD VS. HAGEMESITER 121 CAL. APP. 3d 406 (Cal.
2  APP. 2d. DIST. 1981)]; AND [FLEMING VS. LEFEVERE
3  423 F. SUPP 2d. 1064 (C.d. Cal 2006)] : "EXPERT EVI-
4  DENCE IN A MEDICAL MALPRACTICE CLAIM IS CONCLUSIVE
5  AS TO PROOF OF THE PREVAILING STANDARD OF SKILL, AND
6  LEARNING, IN THE LOCALITY AND THE PROPERTY OF THE
7  PARTICULAR CONDUCT BY THE HEALTH CARE PROVIDER IN
8  PARTICULAR INSTANCES, BECAUSE SUCH STANDARD AND
9  SKILLS ARE NOT A MATTER OF GENERAL KNOWLEDGE."
10 FURTHERMORE, THE DEFENDANTS' WITNESSES AND EXPERTS WILL
11 HAVE TO BE CROSS-EXAMINED, AND PLAINTIFF DOES NOT
12 HAVE THE LEGAL KNOWLEDGE TO DO SO. THUS, IT IS CRUCIAL
13 THAT PLAINTIFF BE APPOINTED COUNSEL.
14
15             CONCLUSION
16   FOR THE FOREGOING REASONS, PLAINTIFF REQUESTS' THAT
17 THIS MOTION BE GRANTED AND THAT THE COURT SHOULD
18 APPOINT COUNSEL TO REPRESENT HIM IN THIS CASE.
19
20   I DECLARE UNDER PENALTY OF PERJURY THAT THE FORE-
21 GOING IS TRUE AND CORRECT.
22
23 RESPECTFULLY SUBMITTED ON THIS, 1ST DAY OF JULY, 2008
24
25                              BY: *Pedro Gomez*
26                              PEDRO GOMEZ
27                              K37471  C4-224
                                P.O. BOX 7500
28                              CRESCENT CITY, CA 95532

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

**CONFIDENTIAL LEGAL MAIL**

Writer's Direct Contact
415.268.6475
DHymas@mofo.com

June 7, 2007

Pedro Gomez
#K37471
PSSP SHU C4-224
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532

Re:   Request for Representation

Dear Mr. Gomez:

I am in receipt of your letter of June 4, 2007. I am sorry you are experiencing difficulties getting medical attention at the facility. The problem is wide-spread throughout all of California's prisons.

The Prison Law Office filed suit on behalf of inmates such as yourself, and in 2005, United States District Judge Thelton Henderson ordered that a federal receiver take control of and rectify the prison health care system. Obviously, this is not a problem that will be solved overnight. Hopefully, in time, the receiver will be able to implement a system that addresses concerns such as yours, so that you are given access to healthcare in a timely manner.

The firm does represent several inmates in Section 1983 cases, but those inmates are referred to us by the Court. We unfortunately are not in a position to take on matters, such as yours, outside of those referrals.

I wish you the best of luck, and again, hope that the Court's scrutiny over the healthcare system will solve these issues for you and others in the future.

Sincerely,

David M. Hymas

sf-2334724

9 OF 10.

JAMES K. McDERMOTT
CHRISTIAN A. CLAWSON
HOWARD J. STEVENS
AMY G. RIVERA

LAURIE V. BRUMAGE
KATHLEEN P. CHAMBERS
GEORGENE K. TIBBETTS
JEFF T. HAMMILL
DAVID SERRANO
JENNIFER A. REILICH
TINA M. WASHBURN
MARLENE RAHEB
DEBRA L. HARKNESS

HEIDI P. PIERCE
LAURA J. ROOPENIAN
CANDY V. PEREZ
STEPHEN T. GARGARO
YALDA YOUSEFI
MARTHA M. CASTILLO
CASEY H. NAGASUGI
TINA ASADI

LAW OFFICES
OF
**McDERMOTT & CLAWSON, LLP**

16530 VENTURA BOULEVARD
SUITE 209
ENCINO, CA 91436
(818) 997-2100
FAX (818) 997-2111

ORANGE
1700 W. KATELLA AVENUE
ORANGE, CA 92867
(714) 288-1700
FAX (714) 288-1748

INLAND EMPIRE
268 W. HOSPITALITY LANE
SUITE 210
SAN BERNARDINO, CA 92408
(909) 890-4386
FAX (909) 890-4396

June 13, 2008

Mr. Pedro Gomez #K37471
PBSP  C4-224
P.O. Box 7500
Crescent City, CA 95532

Re: Pedro Gomez vs. Dr. Merle Sogge, et al.
    USDC, Northern Dist. Of California No._____

Dear Mr. Gomez:

Thank you for considering me in connection with your pursuit for legal representation in your 42 USC 1983 action. However, I no longer handle these types of lawsuits.

Since 2003, I have been an employee of the Law Offices of McDermott & Clawson, handling only Workers' Compensation defense cases through this firm. Thus, I am unable to represent you in your claim.

Since I have been out of the prison civil rights loop for so long, I unfortunately do not know of anyone that I could refer you to. Accordingly, I am simply returning your documents to you. I would just note that since this is a Northern District case, you will need to find a lawyer in the Northern California area, and should limit your inquiries accordingly so that you do not waste time, paper and postage.

I wish you the best of luck on your case!

Sincerely,

McDERMOTT & CLAWSON, LLP

Stephen T. Gargaro

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, __GOMEZ, PEDRO__, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the __3__ day of __JULY__, in the year of 20__08__, I served the following documents: (set forth the exact title of documents served)

__MOTION FOR APPOINTMENT OF COUNSEL__
__WITH MEMORANDUM OF LAW IN SUPPORT__

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

To THE CLERK OF
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO CA, 94102-
3483

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __3__ day of __July__, 20__08__.

Signed: __Pedro Gomez__
(Declarant Signature)

Rev. 12/06

**CONFIDENTIAL LEGAL MAIL**

P.O. BOX 7500
CRESCENT CITY, CA 95532

Clerk
U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca 94102-3483

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532



02 1M
0004217666
UNITED STATES POSTAGE
$01.51°
PITNEY BOWES
JUL 07 2008
MAILED FROM ZIP CODE 95531

D DeRew CTA          7·3·08



LEGAL MAIL