1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| PEDRO GOMEZ, | ) No. C 08-2969 MMC (PR) |
| Plaintiff, | ) |
| | ) **ORDER OF SERVICE; FINDING** |
| | ) **CASE SUITABLE FOR REFERRAL** |
| v. | ) **TO PRO SE PRISONER MEDIATION** |
| | ) **PROGRAM AND DIRECTING** |
| MERLE SOGGE, et al., | ) **DEFENDANTS TO FILE ANSWER;** |
| | ) **DENYING PLAINTIFF'S MOTION** |
| Defendants. | ) **FOR APPOINTMENT OF COUNSEL** |
| _____ | ) |
| | **(Docket No. 3)** |

9
10
11
12
13
14
15

On June 16, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State

16

Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42

17

U.S.C. § 1983.  That same date, plaintiff filed a motion for appointment of counsel.  By

18

separate order filed concurrently herewith, plaintiff has been granted leave to proceed in

19

forma pauperis.

20

**DISCUSSION**

21

A.      Standard of Review

22

A federal court must conduct a preliminary screening in any case in which a prisoner

23

seeks redress from a governmental entity or officer or employee of a governmental entity.

24

See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

25

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

26

be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

27

§ 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

28

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

United States District Court
For the Northern District of California

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

In his complaint, plaintiff alleges the following: After receiving a liver biopsy at PBSP on May 17, 2007, he suffered severe chest and abdominal pain, but PBSP prison employees and medical staff failed, for six days, to respond to his requests for medical attention and treatment.  Eventually, on May 23, 2007, plaintiff was seen by a doctor at PBSP and told that he was suffering from complications relative to the liver biopsy.  Plaintiff was transported to Sutter Coast Hospital ("SCH"), where he was forced to wait in the hallway and denied pain medication.  After vomiting blood, plaintiff finally was admitted to SCH; when he awoke after losing consciousness he was told he would need to have his gallbladder removed.  On May 25, 2007, plaintiff was transported via air ambulance to the hospital at the University of California San Francisco ("UCSF"), where he was informed he had suffered a lacerated liver artery as a result of the liver biopsy and had been bleeding internally since May 17.  After receiving a blood transfusion, plaintiff had surgery performed on May 26, 2007.

The Court finds the above allegations, liberally construed, state cognizable claims under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), as well as for violations of state law.

Plaintiff further alleges: On May 22, 2007, while plaintiff was waiting to see a doctor at PBSP, correctional officers Mills and Quam told him he had to return to his cell and then, without cause, pulled him from his chair, threw him to the ground, punched him, and dragged him to the door.  PBSP Medical Technical Assistants Timme and Nelson failed to intervene to prevent the use of force by Mills and Quam.  As a result of such use of force, plaintiff suffered pain and injury in addition to that resulting from the liver biopsy.

The Court finds the above additional allegations, liberally construed, state cognizable claims under the Eighth Amendment for the unlawful use of excessive force, see Hudson v.

2

McMillian, 503 U.S. 1, 6-7 (1992), and the failure to intervene to prevent the use of excessive force, see Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995), as well as for violations of state law.

As set forth below, defendants will be directed to file an answer and the Court thereafter will refer this matter to the Northern District's Pro Se Prisoner Mediation Program.

C.      Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

### CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Plaintiff's motion for appointment of counsel is hereby DENIED. (Docket No. 3.)

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon: **(1) At Pelican Bay State Prison: Dr. Merle Sogge, Dr. C. Williams, Dr. Linda Rowe, RN Susan Waddell, RN Lori Bree, RN David Timme, RN J. Carr, Correctional Officer R. Mills, Correctional Officer D. Quam, Correctional Officer Cox, and Sgt. Strain**; **(2) At Sutter Coast Hospital in Crescent City, California: Dr. Sandra Saunders, Dr. Susan Schommer, Dr. Andrean Gurov, Dr. Donald Micheletti, P.A. Gina Gastelum, and Dr. Sylvia Nash.**

The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3.  Referral to Pro Se Prisoner Mediation Program: The court has established a Pro Se

3

United States District Court
For the Northern District of California

1   Prisoner Mediation Program under which prisoner civil rights cases may be referred to a

2   neutral Magistrate Judge for mediation.  The Court finds the instant matter suitable for

3   mediation proceedings following service of the summons and complaint on defendants.

4   Accordingly, **defendants shall file an answer** within **sixty days** of the date this order is

5   filed, at which time the Court will refer the instant action for mediation under the Pro Se

6   Prisoner Mediation Program.

7        4.  All communications by plaintiff with the Court must be served on defendants, or

8   defendants' counsel once counsel has been designated, by mailing a true copy of the

9   document to defendants or defendants' counsel.

10        5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

11   informed of any change of address and must comply with the Court's orders in a timely

12   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

13   pursuant to Federal Rule of Civil Procedure 41(b).

14        IT IS SO ORDERED.

15   DATED: January 6, 2009

16                        MAXINE M. CHESNEY

17                        United States District Judge

18

19

20

21

22

23

24

25

26

27

28

4