IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GOMEZ, ) | No. C 08-2969 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER SETTING BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. ) | |
| ) | |
| MERLE SOGGE, et al., ) | **(Docket No. 94)** |
| ) | |
| Defendants. ) | |
| _____ ) | |

On June 16, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs. By order filed January 6, 2009, the Court found plaintiff had stated cognizable claims for relief and ordered the complaint served on seventeen defendants. Additionally, the Court found the instant matter suitable for mediation proceedings pursuant to the Northern District's Pro Se Prisoner Mediation Program, directed defendants to file an answer, and advised the parties the Court thereafter would refer the action for mediation.

On May 22, 2009, the case was referred to the Northern District's Pro Se Prisoner Mediation Program. On October 21, 2009, Magistrate Judge Nandor Vadas reported that a settlement conference was held on October 8, 2009, and that the parties were unable to reach a settlement agreement but agreed to an additional follow-up settlement conference after the "court's ruling on summary judgment motion." (Docket No. 97 at 2:8.) As of the date of the settlement conference, one such motion had been filed, specifically, a motion for summary

judgment submitted on behalf of defendant Dr. Merle Sogge. (Docket No. 60.)  As of today's date, two additional summary judgment motions have been filed, one on behalf of all defendants represented by the California State Attorney General's Office (Docket No. 81), and one on behalf of Dr. Susan Schommer of Sutter Coast Hospital. (Docket No. 99). Numerous other defendants, however, have neither filed nor joined in a motion for summary judgment or other dispositive motion.  Consequently, the Court will set a briefing schedule, as set forth below, with respect to the filing of a motion for summary judgment or other dispositive motion by each defendant.

The Court also addresses herein plaintiff's motion for the appointment of counsel. There is no constitutional right to counsel in a civil case such as this.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time.  Should the circumstances of the case materially change, the Court may reconsider plaintiff's request on its own initiative.

Accordingly, the Court hereby orders as follows:

1. No later than **March 31, 2010**, each defendant who intends to do so shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the Order of Service.

**Any defendant who is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion shall so inform the Court prior to the**

1 **date such motion is due.**

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

2. Plaintiff's opposition to the summary judgment motions and/or other dispositive motions shall be filed with the Court and served on defendants no later than **June 1, 2010**.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      3. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

      4. The motions shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motions unless the Court so orders at a later date.

      5. All communications by the plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.

      6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

      7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      8. Any motion for an extension of time must be filed no later than the deadline sought

to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No.94.

IT IS SO ORDERED.

DATED: January 11, 2010

_____
MAXINE M. CHESNEY
United States District Judge