IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GOMEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>MERLE SOGGE, et al.,<br><br>        Defendants.<br>_____ | No. C 08-2969 MMC (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANTS' SUMMARY JUDGMENT MOTIONS; DENYING PLAINTIFF'S MOTIONS FOR ORDER COMPELLING PRISON OFFICIALS TO PHOTOCOPY LEGAL DOCUMENTS IN EXCESS OF 100 PAGES AND FOR APPOINTMENT OF EXPERT WITNESS**<br><br>**(Docket Nos. 122, 129, 133)** |

On June 16, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs. Thereafter, the Court found plaintiff had stated cognizable claims for relief and ordered the complaint served on seventeen defendants. Now pending before the Court are five separate summary judgment motions filed by defendants, to which motions plaintiff previously was directed to file opposition no later than June, 1, 2010.

1. Motion for Extension of Time

On May 13, 2010, plaintiff moved for an extension of time to oppose the above-referenced motions, in light of the number of such motions to which he must respond. Defendants have opposed plaintiff's request. Good cause appearing, plaintiff's request for an extension of time is hereby GRANTED.

Plaintiff's opposition to the summary judgment motions shall be filed with the Court

and served on defendants no later than **July 23, 2010**. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

### 2. Motion for Order Re: Photocopying of Opposition

Plaintiff also moves for a court order compelling prison officials at PBSP to exempt plaintiff, in the instant case, from limitations provided by a prison regulation that disallows photocopying of inmates' legal documents consisting of more than 100 pages. Specifically, the regulation provides: "In no event shall staff be required to duplicate a legal document exceeding 100 pages in length in the absence of a court order directing the duplication." (Pl.'s Mot. for Ct. Order Ex. A ¶ D.) Plaintiff argues that because he must serve each of the five groups of defendants with a copy of his opposition, and also must send a copy of his opposition to the court, the number of pages he requires to be photocopied will easily exceed the 100-page limit.

The Court will not issue the requested order as, under the Local Rules of this District, no opposition brief may exceed 25 pages of text, absent leave of court.[1] (Civ. L.R. 7-4(b).) Consequently, plaintiff, in order to exceed the limits of the prison regulation, would have to file a 25-page brief together with more than 75 pages of exhibits. At this time, there is no indication that plaintiff cannot file an opposition brief, including exhibits, that does not exceed 100 pages in length.[2] Accordingly, plaintiff's request for a court order overriding the above-noted prison regulation is hereby DENIED.

In accordance with the regulation's additional requirement that the number of photocopies needed be "indicated and confirmed by the court[ ]" (see Pl.'s Mot. for Ct. Order Ex. A ¶ C), however, the Court hereby confirms the following: (1) if plaintiff files a separate opposition brief as to each motion, plaintiff requires two copies of each such opposition brief

---

[1] Plaintiff has not sought such leave and should not assume any such request would be granted.

[2] Plaintiff is advised that, in order to reduce the number of pages to be photocopied, he need not resubmit exhibits upon which he tends to rely where such exhibits have been submitted by defendants or otherwise are contained in the record of the case, provided plaintiff, in his opposition, cites to any such previously-submitted exhibit and adequately identifies where it can be located in the record.

1  – one for the group of defendants who filed that motion and one for the Court; (2) if,
2  however, plaintiff elects to file a single opposition brief in response to two or more of the
3  motions, plaintiff requires, in addition to a copy for each group of moving defendants to
4  whom that brief is directed, only one copy of such brief for the Court.³

    3.  Motion for Appointment of Expert

Lastly, plaintiff moves, pursuant to Rule 706 of the Federal Rules of Evidence, for the appointment of a medical expert witness to assist plaintiff with the development of the record for the purpose of responding to defendants' summary judgment motions.  Defendants have opposed the motion.  Rule 706(a) does not authorize the district court to provide a plaintiff with funds for an expert witness or to appoint such a witness on a plaintiff's behalf; rather, it permits the appointment of an expert to aid the court.  See Hannah v. United States, 523 F.3d 597, 600 (5th Cir. 2008) (affirming district court's refusal to appoint expert witness for pro se prisoner alleging inadequate medical care); see also Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (upholding district court's decision to appoint independent expert to assist court in evaluating "confusing and conflicting" evidence regarding fibromyalgia).  At present, the Court is not in need of expert assistance.  Should such a need arise in the future, the Court sua sponte will order the parties to show cause why an expert witness should not be appointed.  See Fed. R. Civ. P. 706(a).  Accordingly, plaintiff's motion for appointment of an expect is hereby DENIED.

This order terminates Docket Nos. 122, 129 and 133.

    IT IS SO ORDERED.

DATED: June 24, 2010

_____
MAXINE M. CHESNEY
United States District Judge

---

³ The Court's reference to "opposition brief" is meant to include all supporting exhibits.