1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    PEDRO GOMEZ,                        )   No. C 08-2969 MMC (PR)
                                         )
10              Plaintiff,               )   **ORDER DENYING PLAINTIFF'S MOTION FOR**
                                         )   **RECONSIDERATION; GRANTING SUMMARY**
11        v.                             )   **JUDGMENT SUA SPONTE AS TO DEFENDANT**
                                         )   **CONTROL BOOTH OFFICER JOHN DOE;**
12   MERLE SOGGE, et al.,                )   **DISMISSING DEFENDANT SGT. JOHN DOE;**
                                         )   **DENYING DEFENDANTS' MOTIONS FOR**
13              Defendants.              )   **ENTRY OF FINAL JUDGMENT; DENYING AS**
                                         )   **MOOT DEFENDANTS' MOTION TO CHANGE**
14                                       )   **TIME; DENYING PLAINTIFF'S MOTION FOR**
                                         )   **PROTECTIVE ORDER;  DIRECTIONS TO**
15                                       )   **CLERK**
                                         )
16   _____ )   **(Docket Nos. 162, 163, 164, 165, 166, 168, 172, 174)**

17        On June 16, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State

18   Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42

19   U.S.C. § 1983, claiming deliberate indifference to his serious medical needs and unlawful

20   use of excessive force.  Thereafter, the Court referred the matter to Magistrate Judge Nandor

21   Vadas for early settlement proceedings under the Northern District's Pro Se Prisoner

22   Mediation Program.  The parties, however, were unable to reach a settlement agreement, and

23   the Court directed defendants to file their dispositive motions.

24        On September 30, 2010, the Court granted summary judgment in favor of all

25   defendants against whom plaintiff asserted claims of deliberate indifference to his serious

26   medical needs and dismissed plaintiff's supplemental state law claims alleging inadequate

27   medical care.  The Court also granted summary judgment in favor of defendants Nurse

28   Timme and MTA Nelson on plaintiff's claims of excessive force.  The Court denied

summary judgment with respect to plaintiff's claims of excessive force as alleged against defendants Officers Mills and Quam.  The matter was again referred to the Pro Se Prisoner Mediation program for settlement proceedings on plaintiff's remaining excessive force claims.  On April 5, 2011, Magistrate Judge Vadas reported that a settlement conference was held on March 18, 2011, and that the parties were unable to reach a settlement agreement.

Now before the Court are plaintiff's motion for reconsideration, defendants' motions for entry of final judgment, defendants' motion to change time, and plaintiff's motion for a protective order.

A.    Plaintiff's Motion For Reconsideration

Citing Rule 59(e) of the Federal Rules of Civil Procedure, plaintiff moves to alter or amend the judgment.[1] (Docket No. 164.)  The Court construes plaintiff's motion as one for reconsideration of the Court's September 30, 2010 order granting summary judgment.

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b).  Although couched in broad terms, subparagraph (6) "is available only under extraordinary circumstances."  Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff appears to rely on subparagraph (3), as he argues the Court "made its decision based on factual errors [and] fraudulent facts made by the defendants and their medical experts in statements and declarations."  (Mot. for Recon. at 2.)  A court's "inherent power" to vacate or amend a judgment that was obtained by fraud on the court is "narrowly construed."  United States v. Chapman, No. 10-10338, slip op. 8701, 8709 (9th Cir. June 27,

---

[1]Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

2011) (citing <u>Dixon v. Comm'r</u>, 316 F.3d 1041, 1046 (9th Cir. 2003)).  Such power "'appl[ies] only to fraud that defiles the court or is perpetrated by officers of the court.'" <u>Chapman</u>, slip op. at 8709 (quoting <u>Dixon</u>, 316 F.3d at 1046).  When the "integrity of the judicial process has been harmed," and the "fraud rises to the level of an unconscionable plan or scheme which is designed to improperly influence the court in its decision," the court should grant relief.  <u>Chapman</u>, slip op. at 8709 (internal quotation and citation omitted).

Plaintiff fails to establish fraud rising to "the level of an unconscionable plan or scheme."  <u>Id.</u>  Rather, plaintiff simply challenges the analysis of the Court in its ruling on the summary judgment motions, and reiterates arguments he made previously in connection therewith.  Motions for reconsideration are not "a substitute for appeal" or a means of attacking some perceived "error on the part of the court."  <u>Dunnahoo</u>, 637 F.2d at 1341.  Moreover, for the reasons explained in the Court's order of September 30, 2010, none of plaintiff's arguments supports a finding that plaintiff's showing was sufficient to create a genuine issue of material fact as to whether defendants were deliberately indifferent to his serious medical needs or that defendants Timme and Nelson used excessive force against plaintiff.

In connection with the instant motion plaintiff submits various documents reflecting PBSP's health care policies.  Plaintiff does not explain why he failed to submit these documents when he filed his opposition to the summary judgment motions in July 2010.  In any event, plaintiff fails to specify, and the Court cannot discern upon reviewing the policies, how anything contained therein would create a genuine issue of material fact with respect to whether defendants violated plaintiff's constitutional rights.

Accordingly, plaintiff's motion for reconsideration will be denied.

Next, plaintiff notes that the Court has not addressed plaintiff's cause of action against Control Booth Officer John Doe.  The use of "John Doe" to identify a defendant is "not favored" in the Ninth Circuit.  <u>See</u> <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980); <u>Wiltsie v. Cal. Dep't of Corrections</u>, 406 F.2d 515, 518 (9th Cir. 1968).  This action has been pending for over three years, and plaintiff's claim against Control Booth Officer John Doe,

which was first alleged in plaintiff's amended complaint, has been pending for over two years.  Plaintiff, however, has not provided said defendant's true name, nor has plaintiff provided a name for Sgt. John Doe, the other Doe defendant, and plaintiff fails to show good cause for any further leave to do so.

Moreover, at this point, allowing the complaint to go forward against the Doe defendants would be futile.  The only claim asserted against any Doe defendant is an Eighth Amendment claim for deliberate indifference to serious medical needs alleged against Control Booth Officer John Doe.  Because the Court has granted summary judgment in favor of the other defendants against whom plaintiff had alleged such claim, the Court will, sua sponte, grant judgment in favor of the unserved Control Booth Officer John Doe defendant as well.  See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion for judgment on pleadings as to unserved defendants where such defendants were in position similar to served defendants against whom claim for relief could not be stated); Columbia Steel Fabricators v. Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir. 1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant).

Lastly, the other Doe defendant, Sgt. John Doe, will be dismissed from the action. Plaintiff fails to allege any facts linking such defendant to a violation of plaintiff's constitutional rights, and, as noted above, plaintiff fails to show good cause for any further extension of time to either identify and serve such defendant or to further amend the pleadings.

B.      Defendants' Motions For Entry Of Final Judgment

Defendants Schommer, Sogge, Saunders, Nash, Gastelum, Micheletti, and Gurov have

filed proposed judgments of dismissal.  (Docket Nos. 162, 163, 165, 166.)[2]  The Court

construes said filings as motions for entry of final judgment in favor of these defendants.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, entry of a final judgment is

permitted as to fewer than all of multiple parties in an action "only upon an express

determination that there is no just reason for delay."  See Fed. R. Civ. P. 54(b).  Here, the

Court finds issuance of judgment on fewer than all of plaintiff's claims could result in

piecemeal appellate review of claims arising from the same events.  Accordingly, defendants'

motions for entry of final judgment will be denied.[3]  Judgment will be entered following

resolution of the remaining claims asserted in the action.

C.      Defendant's Motion To Change Time

        On December 14, 2010, defendants Officers Mills and Quam filed a motion to

continue the date for the settlement conference, which at that time was scheduled for

January 14, 2011, for the asserted reason that they needed additional time to complete

plaintiff's deposition in advance thereof.  (Docket No. 168.)  Thereafter, Magistrate Judge

Vadas continued the settlement conference and, as noted, the settlement conference

ultimately was not held until March 18, 2011, after which Judge Vadas reported the parties

were unable to reach an agreement.  Accordingly, defendants' motion will be denied as moot.

D.      Plaintiff's Motion For A Protective Order

        On January 7, 2011, plaintiff filed a document titled "Plaintiff's Motion of Opposition

to Defendant's Motion to Depose Plaintiff Pedro Gomez." (Docket No. 172.)  The Court

construes said filing as a motion for a protective order precluding defendants from deposing

plaintiff prior to the settlement conference; plaintiff appears to agree therein to have his

deposition taken following the settlement conference.  (See Mot. of Opp'n at 2 ("Shall the

parties fail to agree to settle this case following the mediation/settlement conferences, then all

---

[2]Defendant Sogge subsequently filed a motion to amend his proposed judgment of dismissal. (Docket No. 174.)

[3]For the same reason, defendant Sogge's motion to amend his proposed judgment will be denied.

parties can move for deposition arrangements, . . . .").)  As noted, the settlement conference has been conducted.  Accordingly, plaintiff's motion for a protective order will be denied as moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's motion for reconsideration is hereby DENIED.

2.  Summary judgment is hereby GRANTED in favor of defendant Control Booth Officer John Doe.

3.  The complaint is hereby DISMISSED with prejudice as to defendant Sgt. John Doe.

4.  Defendants' motions for entry of final judgment are hereby DENIED.

5.  Defendants' motion to change time is hereby DENIED as moot.

6.  Plaintiff's motion for a protective order is hereby DENIED.  To the extent defendants Mills and Quam have not completed plaintiff's deposition, said defendants must do so within **120** days of this order.  Within **30** days of the date plaintiff's deposition is completed or the date this order is filed, whichever is later, defendants Mills and Quam shall inform the Court whether they will file a summary judgment or other dispositive motion with respect to the remaining excessive force claims, or if they are of the opinion that the claims cannot be resolved by summary judgment or other dispositive motion and will proceed to trial.

This order terminates Docket Numbers 162, 163, 164, 165, 166, 168, 172, and 174.

IT IS SO ORDERED.

DATED: July 26, 2011

MAXINE M. CHESNEY
United States District Judge