IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GOMEZ, | No. C 08-2969 MMC (PR) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR COUNSEL; DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DISCOVERY; REFERRING CASE TO FEDERAL PRO BONO PROJECT FOR ASSIGNMENT OF COUNSEL; STAYING PROCEEDINGS PENDING APPOINTMENT OF COUNSEL; DIRECTIONS TO CLERK** |
| v. | |
| MERLE SOGGE, et al., | |
| Defendants. | |
| _____ | **(Docket Nos. 184, 185)** |

On June 16, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs and unlawful use of excessive force. Thereafter, the Court referred the matter to Magistrate Judge Nandor Vadas for early settlement proceedings under the Northern District's Pro Se Prisoner Mediation Program. The parties, however, were unable to reach a settlement agreement, and the Court directed defendants to file their dispositive motions.

On September 30, 2010, the Court granted summary judgment in favor of the fifteen defendants against whom plaintiff had asserted claims of deliberate indifference to his serious medical needs, and dismissed without prejudice plaintiff's supplemental state law claims alleging inadequate medical care. Additionally, the Court granted summary judgment in favor of two defendants, Nurse Timme and MTA Nelson, on plaintiff's claims of

excessive force. The Court denied summary judgment with respect to plaintiff's claims of excessive force as alleged against defendants Officers Mills and Quam. The matter was referred again to the Pro Se Prisoner Mediation program for settlement proceedings on plaintiff's remaining excessive force claims. On April 5, 2011, Magistrate Judge Vadas reported that a settlement conference was held on March 18, 2011, and that the parties were unable to reach a settlement agreement.

On July 26, 2011, the Court instructed defendants to report to the Court on whether they were of the opinion that the remaining claims could be resolved by another summary judgment motion or whether the case should proceed to trial. On September 8, 2011, defendants filed their report, wherein they request the Court set a date for a jury trial.

Now before the Court are two motions filed by plaintiff: (1) a motion for appointment of counsel, and (2) a motion for discovery, wherein plaintiff seeks a Court order permitting him to depose the remaining defendants.

The Court hereby rules as follows:

1. GOOD CAUSE APPEARING, plaintiff's motion for appointment of counsel is hereby GRANTED, and plaintiff is hereby REFERRED to the Federal Pro Bono Project for the purpose of locating counsel for plaintiff.

2. The Clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, (c) a copy of the First Amended Complaint, (d) a copy of the Court's January 6, 2009 order of service, and (e) a copy of the Court's September 30, 2010 summary judgment order.

3. Upon an attorney being located to represent plaintiff, that attorney will be appointed as counsel for plaintiff in this matter until further order of the Court.

4. All proceedings in this action are stayed until an attorney is appointed to represent plaintiff in this action. Once such attorney is appointed, the Court will schedule a case management conference.

//

//

5. In light of the above referral, plaintiff's motion for discovery is hereby DENIED without prejudice.

This order terminates Docket Numbers 184 and 185.

IT IS SO ORDERED.

DATED: September 19, 2011

_____
MAXINE M. CHESNEY
United States District Judge