Roger M. Hughes (Bar No. 53788)
Thiele R. Dunaway (Bar No. 130953)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California  94607
Telephone:  (510) 834-6600
Fax:  (510) 834-1928
Email:  rhughes@wendel.com

Attorneys for Plaintiff
Pedro Gomez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEDRO GOMEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DOCTOR MERLE SOGGE, et al.,<br><br>　　　　　Defendants. | Case No.  C 08-2969 MMC (PR)<br><br>**MOTION TO CHANGE TIME FOR HEARING ON MOTION FOR APPOINTMENT OF EXPERT MEDICAL WITNESS PURSUANT TO F.R.E. 706 AND TO MODIFY PRETRIAL ORDER; DECLARATION;** ~~PROPOSED~~ **ORDER**<br><br>**(L.R. 6-3)** |

**I.     RELIEF SOUGHT**

Plaintiff Pedro Gomez seeks an order shortening time for hearing of his Motion To Appoint Expert Medical Witness Under F.R.E. 706 And Modify Pretrial Order ("Motion"), because new evidence has recently come to the attention of Plaintiff's pro bono counsel that suggests expert medical testimony will be necessary and significantly useful for the trier of fact, but trial is currently set for September 24, 2012, and the Motion is presently set for hearing on the next available date under Local Rule 7-2(a), which is September 21, 2012.  Setting Plaintiff's Motion for hearing on shortened time will conserve the resources of the Court and counsel, who would otherwise have to prepare for trial since there would not be a ruling on Plaintiff's motion

prior to September 21, 2012.

Although counsel for defendants plans to oppose the Motion itself, the Deputy Attorney General has agreed to having the Motion heard on shortened notice, and, with the Court's approval, counsel have agreed to have the Motion heard on the following schedule:

| | |
|---|---|
| Motion filed and served: | August 14, 2012 |
| Opposition papers filed and served: | August 21, 2012 |
| Reply papers filed and served: | August 23, 2012 |
| Hearing on Motion: | August 24, 2012 (9:00 a.m.) |

## II. PROCEDURAL BACKGROUND

On January 13, 2012, the Court issued a Pretrial Order (Docket No. 194) setting this matter for trial on September 24, 2012. Plaintiff Pedro Gomez filed this action and proceeded *pro se* until the Court ordered appointment of Roger Hughes as pro bono counsel on October 26, 2011. (Docket No. 188).

At that time, summary judgment on a number of claims for deliberate indifference to medical needs and related medical claims were dismissed as a result of motions for summary judgment granted on September 30, 2010. The only causes of action remaining at the time Plaintiff's pro bono counsel was appointed were the claims for excessive force and battery against Defendants Quam and Mills. As a result, Plaintiff's counsel did not pursue any medical evidence or related issues with respect to Gomez's claims.

However, during a series of settlement conferences, at the July 20, 2012 settlement conference, counsel were informed by the settlement judge, Magistrate Judge Nandor J. Vadas, that the strong preference of the Court was to resolve all claims for which final judgment had not been rendered so that, if possible all matters still within the jurisdiction of the Court could be fully and finally resolved. Immediately upon being informed of the Court's preference for full resolution of all claims, Mr. Hughes began to seek expert medical opinions that would allow him to properly advise Mr. Gomez. Finally, approximately two weeks ago, Mr. Gomez's counsel spoke with someone who has over twenty years experience evaluating medical claims, who was

1  willing to speak "off the record." The information obtained by Mr. Gomez's counsel from the
2  third party suggests that expert medical testimony is essential to assist the finder of fact in
3  determining the issues in this case.

4  Because Mr. Gomez is indigent, he now seeks the appointment of a medical expert
5  pursuant to Rule 706 of the Federal Rules of Evidence, and he has filed his Motion seeking that
6  appointment, along with an order modifying the Pretrial Order pursuant to Rule 16 of the Federal
7  Rules of Civil Procedure to re-open expert discovery and to continue the September 24, 2012 trial
8  date to allow time for such discovery.

9  Under the Local Rules of the Northern District, any motion must be filed on 35-days'
10 notice, which would set the matter for hearing no earlier than September 21, 2012, only three
11 days before trial. L.R. 7-2. Counsel for Defendants Mills and Quam, Deputy Attorney General
12 Scott Feudale, has agreed to the having the Motion heard on the briefing schedule set forth above.

13 Consequently, Plaintiff requests that the Court grant this motion to have the Motion heard
14 on August 24, 2012, and that the parties be permitted to file and serve their respective moving
15 papers, opposition and reply papers pursuant to the dates upon which they agreed.

Dated: August 14, 2012                       WENDEL, ROSEN, BLACK & DEAN LLP

                                             By: */s/ Roger M. Hughes*
                                                 Roger M. Hughes
                                                 Attorneys for Plaintiff
                                                 Pedro Gomez

## DECLARATION OF ROGER M. HUGHES

I, Roger M. Hughes, declare:

1. I am a partner with the law firm of Wendel, Rosen, Black & Dean LLP, the attorneys of record for Pedro Gomez, plaintiff herein.

2. The following facts are true of my own personal knowledge and if called upon to do so, would and could competently testify thereto, except as to those matters that are alleged upon information and belief and as to those matters I believe them to be true.

3. I was appointed as pro bono counsel for Plaintiff by an order of the Court entered on October 26, 2011. By that time, all causes of action against the other defendants for deliberate indifference to medical needs and related medical claims were dismissed as a result of motions for summary judgment granted on September 30, 2010. The only causes of action remaining at the time I was appointed as counsel were the claims for excessive force and battery against Defendants Quam and Mills. Consequently, given the remaining claims, I did not pursue any medical evidence or issues with respect to Gomez's claims.

4. However, at the July 20, 2012 settlement conference, I was informed by the settlement judge, Magistrate Judge Nandor J. Vadas, that the strong preference of the Court was to resolve all claims for which final judgment had not been rendered so that, if possible all matters still within the jurisdiction of the Court could be fully and finally resolved. Immediately upon being informed of the Court's preference, I began to seek expert medical opinions that would allow me to properly advise Mr. Gomez. I made approximately six calls unsuccessfully attempting to locate an expert who would speak to me on or off the record so that I could get some idea of the value of the medical components of the various causes of action and defendants still subject to the Court's jurisdiction. Approximately two weeks ago, I spoke with someone who has over twenty years experience evaluating medical claims, who was willing to speak "off the record." As a result of the information I learned from this third party, it became evident that an expert medical witness would be required in order to ensure that there is complete and accurate factfinding by the trier of fact, since any medical testimony regarding the cause of the blood loss and sudden acceleration of Plaintiff's emergent condition requires a technical understanding of

1 not only the liver biopsy procedure and potential complications, but also the effects a blunt force
2 trauma, such as the beating alleged by Plaintiff in his excessive force and battery claims, may
3 have had on Plaintiff's medical condition following the biopsy.

4     5. On August 14, 2012, I spoke with counsel for Defendants Mills and Quam, Deputy
5 Attorney General Scott Feudale and advised him that I planned to file Plaintiff's Motion To
6 Appoint Expert Medical Witness Under F.R.E. 706 And Modify Pretrial Order ("Motion"). Mr.
7 Feudale agreed that Plaintiff's Motion could be heard on shortened time, and he and I agreed that
8 the Motion could be heard on August 24, 2012, at 9:00 a.m., and that the parties would submit
9 their briefs on the following schedule: the moving papers are to be filed and served by Plaintiff
10 on August 14, 2012; any opposition shall be filed and served no later than August 21, 2012, and
11 reply papers, if any, shall be filed and served no later than August 23, 2012.

12     6. Having this Motion heard on shortened time will conserve the resources of both
13 the Court and the parties, since an adjudication of the Motion will determine whether the trial will
14 be continued in order to accommodate further expert discovery, or whether the parties must
15 prepare for trial, which is currently scheduled for September 24, 2012. Absent an order
16 shortening time for this Motion, the Motion will not be heard until September 21, 2012, only
17 three days before the presently scheduled trial date.

18 I declare under penalty of perjury that the foregoing is true and correct and that this
19 declaration was executed on this 14th day of August, 2012, at Oakland, California.

                            ___/s/ Roger M. Hughes___
                               Roger M. Hughes

**ORDER**

Good cause appearing therefor,

IT IS HEREBY ORDERED that the motion to shorten the time for hearing on Plaintiff Pedro Gomez's Motion To Appoint Expert Witness Pursuant To F.R.E. 706 And To Modify Pretrial Order be and hereby is GRANTED. Said motion shall be set for hearing at 9:00 a.m. on August 24, 2012. Opposition papers shall be filed and served no later than August ~~21~~ 20, 2012, and any reply papers shall be filed and served no later than August ~~23~~ 22, 2012.

Dated: August 15, 2012

_____
Maxine M. Chesney
UNITED STATES DISTRICT JUDGE